Echavarría et al., Plaintiffs and Appellees, *v.* Alers et al., Defendants and Appellants.

### Appeal from the District Court of Aguadilla in an Action to Rescind Partition Proceedings.

#### No. 1330.—Decided July 29, 1915.

Jurisdiction—Presumption—Execution.—A motion having been made in the District Court of Aguadilla for an execution under a judgment rendered by the District Court of Mayagüez in 1903 in an action involving real property in San Sebastián which was incorporated in the judicial district of Aguadilla by the Act of 1904 reorganizing the judiciary system, it should be presumed that the case was transferred to the District Court of Aguadilla and that therefore that court has jurisdiction.

Id.—Execution—Judicial Notice.—In ruling on a motion for an execution the court may take judicial notice of the record of the case before it and it is not necessary that evidence be introduced concerning the same or that a copy thereof be delivered to the adverse party.

Subrogation—Presumption.—When the court rules on a motion in which it appears that the owners are subrogated to the rights of a party to the suit, the presumption is that such subrogation is shown in the record of the case.

Rescissory Action—Third Persons—Fraudulent Conveyance.—Article 37 of the Mortgage Law does not provide that a rescissory action shall not prejudice third persons when their records have been in effect for a year, but that it shall not when the action is not brought within a year from the time of the fraudulent conveyance.

Id.—Third Persons—Partition.—Persons who appear to have received property in the rescinded partition and whose records are ordered canceled are not third persons.

Id.—Third Person—Day in Court—Execution—Partition.—It cannot be held that one who claims to be a third person has not had his day in court when he is served with the motion for execution in which an order for the cancellation of records in the registry of property is asked for and he takes an active part in opposing said motion, especially when the record shows that he made the purchase whose record is ordered canceled after a cautionary notice had been entered in the registry of the action to rescind the partition in which his vendor acquired the property.

Execution—Discretion of Court.—Although section 239 of the Code of Civil Procedure limits the time for taking out execution to five years, as section 234 of the same code authorizes the court to issue execution in all cases other than for the recovery of money after five years from the entry of judgment the presumption is that in ordering execution to issue after said five years the court made use of such discretional authority.

The facts are stated in the opinion.

*Mr. Victor P. Martínez y González* for the appellants.
*Mr. Enrique González Mena* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

On March 24, 1915, José, Herminia and Ignacia Echavarría Maisonave filed a motion in the District Court of Aguadilla alleging that on October 28, 1897, the heirs and some creditors of Venancio Esteves made a partition of his estate and distributed the same among themselves to the detriment of the rights of the mortgagee, Félix Echavarría; that Felícita Maisonave, the latter's heiress, contested the partition before the District Court of Mayagüez and that court rendered judgment on December 24, 1903, annulling the same, which judgment was affirmed by this court; that a new partition having been made in the year 1907 in consequence of the said judgment, certain properties were allotted therein to the movers as the assignees of Felícita Maisonave, which properties cannot be recorded in the registry of property because no cancellation has been made of the records entered as a consequence of the annulled partition in favor of Isabel Alers Beauchamps, Mercedes, Monserrate, and Rafaela Esteves Alers, María Santoni, widow of Aramburu, Víctor Martínez, deceased, represented by his heir, Víctor P. Martínez y González, and the firm of L. Orfila & Company, represented by Lorenzo Orfila, now deceased and his succession being represented by his widow, Carmen Iturrino, for which reason, after describing the properties to which the records refer, the movers prayed that the court issue an order to the registrar directing him to cancel the said records.

Isabel Alers Beauchamps, Rafaela, Monserrate, and Mercedes Esteves Alers, Carmen Iturrino and María Santoni, widow of Aramburu, opposed the said motion and after a hearing, at which they were represented by Attorney Víctor P. Martínez y González, the court held that the motion had been duly served upon the parties named therein and entered an order for the cancellation of the said records, from which order the opposers of the motion took the present appeal by their attorney, Víctor P. Martínez y González.

It is contended in the first ground of appeal that it does not appear from the motion that the District Court of Aguadilla had jurisdiction, inasmuch as it refers to a suit in the Mayagüez court and there is nothing to show that it was transferred to the Aguadilla court; that it does not appear from the motion that the movers had been subrogated to the rights of Felícita Maisonave by either of the said courts, or that any evidence had been introduced regarding the documents referred to, or that copies of the same were delivered to the opposers, or that the court allowed the movers to be subrogated to the rights of Felícita Maisonave.

Although it is stated in the motion that the case was tried in Mayagüez, as the properties involved are situated in the municipality of San Sebastián, which was incorporated in the judicial district of Aguadilla by the Act of 1904 reorganizing the judiciary, we must presume that the said case was duly transferred to the District Court of Aguadilla because the municipality of San Sebastián forms a part of that district.

Therefore, as the case was before the court it had jurisdiction of the same and a motion having been made therein for an execution under the judgment rendered, the court could take judicial notice of the record and it was not necessary to introduce evidence concerning the same or to deliver a copy to the defendants. 16 Cyc. 917–918.

As the court ruled on the motion of the Echavarría brothers, we must presume also that the record showed that they were subrogated to the rights of Felícita Maisonave.

For the same reason the fifth ground of appeal to the effect that as the opposers entered a general denial of the allegations of the motion the movers were required to prove the same, cannot be sustained.

It is alleged in the sixth ground of appeal that the majority of the defendants, without specifying them, are third persons and that under no circumstances can their rights be prejudiced by the judgment of December 24, 1903, after the

records sought to be canceled have been in force for more than a year.

Article 37 of the Mortgage Law does not provide, as contended by the appellant, that a rescissory action shall not prejudice third persons when the record has been in force for one year, but that it shall not when the action is not brought within one year from the time of the fraudulent conveyance.

Besides, all the persons whose records are ordered to be canceled are shown by the motion as having received property under the rescinded partition, except Víctor P. Martínez y González, and cannot be considered as third persons.

With respect to Víctor P. Martínez y González, who, according to the motion, recorded in his name, under title of purchase, the allotment made to Víctor Martínez in the rescinded partition, it is alleged in the seventh ground of appeal that he is not prejudiced by the judgment of December 24, 1903, or by the order appealed from because he cannot be deprived of his property without having been heard and defeated in suit.

The said Martínez was not only served with notice of the motion, as is stated in the decision of the court, but has acted as attorney for the contestants and is the person who specially alleges in this appeal that the cancellation of the records cannot be ordered as to him. Although it is true that according to the motion he purchased the share which was recorded in the registry as having been acquired by Víctor Martínez by an allotment made to him in the rescinded partition, he cannot claim that he has not had his day in court and that the said judgment does not affect him; for as he was served with notice of the motion and took an active part in the opposition thereto, we must presume that the court decided against him the question that although the record of his purchase from Víctor Martínez was duly entered he was affected by the judgment of December 24, 1903, and, consequently, that the cancellation of his record should be ordered

if it resulted from the suit in which the said judgment was rendered, as is contended by the respondents, that Víctor P. Martínez y González purchased the share allotted to Víctor Martínez after a cautionary notice of the complaint in the action for rescission had been entered in the registry of property.

The last ground relied upon by the appellants is that the execution of the judgment has prescribed, pursuant to section 239 of the Code of Civil Procedure. It is true that the said section limits the time for the issuance of a writ of execution to five years, but as section 243 of the same code empowers the court in all cases other than for the recovery of money to enforce execution of the judgment after the lapse of five years from the date of its entry, we must presume that the court made use of the said discretionary power in ordering the execution of the judgment in the manner prayed for after the lapse of the said five years.

Therefore, as the grounds assigned for the reversal of the order appealed from cannot be sustained it should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.